# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3557

———————

United States of America,  \*

                        \*

      Plaintiff - Appellee,  \*

                        \*    Appeal from the United States

v.  \*    District Court for the

                        \*    Western District of Missouri.

Eddie S. Bell,  \*

                        \*

      Defendant - Appellant.  \*

———————

Submitted: October 12, 2005
Filed: April 26, 2006

———————

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

———————

LOKEN, Chief Judge.

Eddie Bell appeals the 100-month sentence imposed by the district court[1] after a jury convicted Bell of being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The principal issue on appeal is whether Bell's prior Missouri conviction for second-degree burglary of a commercial building was a "crime of violence," producing a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). Bell further argues that we should remand his case for resentencing

———————

[1]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

under the Supreme Court's subsequent decision in United States v. Booker, 543 U.S. 220 (2005). We affirm.

## I.

Application Note 1 to § 2K2.1 incorporates the definition of crime of violence found in § 4B1.2(a): an offense carrying a prison term exceeding one year that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) *is burglary of a dwelling*, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

(Emphasis added.) Though Bell's prior conviction was for burglary of a commercial building, not a dwelling, the district court properly followed our many decisions holding that commercial burglaries are crimes of violence under the "otherwise involves" provision in § 4B1.2(a). See, e.g., United States v. Hascall, 76 F.3d 902 (8th Cir.), cert. denied, 519 U.S. 948 (1996); United States v. Mohr, 407 F.3d 898, 901-02 (8th Cir.), cert. denied, 126 S. Ct. 670 (2005). However, there is circuit conflict on this issue,[2] and two of our colleagues have urged the court to reconsider

---

[2]See United States v. Fiore, 983 F.2d 1, 4-5 (1st Cir. 1992), cert. denied, 507 U.S. 1024 (1993) (followed in Hascall); United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995); United States v. Jackson, 22 F.3d 583, 585 (5th Cir. 1994); United States v. Wilson, 168 F.3d 916, 928-29 (6th Cir. 1999); United States v. Nelson, 143 F.3d 373, 374-75 (7th Cir. 1998); United States v. Matthews, 374 F.3d 872, 880 (9th Cir. 2004); United States v. Smith, 10 F.3d 724, 732-33 (10th Cir. 1993); United States v. Spell, 44 F.3d 936, 938-39 (11th Cir. 1995).

the issue en banc.[3]  Therefore, after oral argument we held this case pending the court's en banc decision in United States v. McCall, 439 F.3d 967 (8th Cir. 2006), which construed a very similar "otherwise involves" provision in 18 U.S.C. § 924(e)(2)(B)(ii).  Reviewing this issue of law *de novo*, we again conclude that commercial burglary is a crime of violence.  See United States v. Sprouse, 394 F.3d 578, 580 (8th Cir. 2005) (standard of review).

In our view, the answer to this question becomes apparent when the history of the career offender guideline provisions, the statutes they apply, and the Supreme Court's interpretation of those statutes are put in careful perspective.  In the Sentencing Reform Act of 1984, Congress instructed the Sentencing Commission to "assure that the guidelines specify a sentence . . . at or near the maximum term authorized" if an adult offender is convicted of a crime of violence or a drug offense and "has previously been convicted of two or more prior felonies, each of which is a crime of violence" or a specified drug offense.  28 U.S.C. § 994(h).  The Commission complied with this directive in § 4B1.1 of the original 1987 Guidelines, a Career Offender provision that remains in effect today.  Section 4B1.2 of the 1987 Guidelines then provided that crime of violence "as used in this provision is defined under 18 U.S.C . § 16."  That statute defined a "crime of violence" to include:

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Because Congress used the term "crime of violence" in § 994(h), borrowing the definition of that term from another criminal statute was of course logical.  But the 1987 Guidelines did not stop there.  Without further explanation or citation to judicial authority, the Commission added a commentary to § 4B1.2, declaring:

---

[3]See Mohr, 407 F.3d at 902-04 (Heaney and Bright, JJ., concurring); United States v. Blahowski, 324 F.3d 592, 598 (8th Cir. 2003) (Bright, J., dissenting).

The Commission interprets [18 U.S.C. § 16] as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. . . . *Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.*

(Emphasis added.) As commercial burglaries more often than not involve at least the use of "physical force against the . . . property of another," this was a patently arbitrary interpretation of 18 U.S.C. § 16(b), reflecting the Commission's unilateral attempt to craft its own definition of a crime of violence for purposes of the career offender guideline.

The 1987 drafting experiment was short-lived. In November 1989, the Commission amended § 4B1.2, deleting the cross-reference to 18 U.S.C. § 16 and adopting the definition of crime of violence here at issue. The Commission explained: "The definition of crime of violence used in this amendment is *derived from* 18 U.S.C. § 924(e)." U.S.S.G. App. C, Vol. 1, Amendment 268 (emphasis added). Section 924(e) was a provision of the Armed Career Criminal Act of 1984 (ACCA) mandating harsher sentences for defendants with prior "violent felony" convictions. As amended in 1986, the ACCA defined violent felony as one that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) *is burglary*, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The 1989 definition of a crime of violence in § 4B1.2 was identical to § 924(e)(2)(B) except the Commission added "is

burglary *of a dwelling*" to subpart (ii), thereby retaining its prior distinction among categories of burglary, again without explanation.

Less than one month before the 1989 amendment to § 4B1.2 took effect, the Supreme Court granted certiorari to consider the meaning of the term "burglary" in 18 U.S.C. § 924(e)(2)(B)(ii) as amended in 1986. Taylor v. United States, 493 U.S. 889 (1989). In its decision seven months later, the Court first noted that the 1984 version of the ACCA expressly defined "burglary" as "any felony consisting of entering or remaining surreptitiously within *a building* that is the property of another." 18 U.S.C. App. § 1202(a) (1982 ed., Supp. III) (emphasis added). That definition was deleted in 1986, without explanation. After surveying the legislative history of the 1986 amendments, the Court concluded:

> that Congress singled out burglary . . . for inclusion as a predicate offense, both in 1984 and in 1986, because of its inherent potential for harm to persons. The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape. . . . There never was any proposal to limit the predicate offense to some special subclass of burglaries that might be especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night.

> \*　\*　\*　\*　\*

> We therefore reject petitioner's view that Congress meant to include only a special subclass of burglaries, either those that would have been burglaries at common law, or those that involve especially dangerous conduct. . . . We believe that Congress meant by "burglary" the generic sense in which the term is now used in the criminal codes of most States.

\*    \*    \*    \*    \*

> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime.

Taylor v. United States, 495 U.S. 575, 588, 598-99 (1990) (citations omitted; emphasis added).  In other words, less than one year after the Commission defined the term "crime of violence" in the congressionally mandated guideline implementing 28 U.S.C. § 994(h) as limited to burglary *of a dwelling*, the Supreme Court concluded that Congress intended the term "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) to include burglary of a commercial building.  The two 1984 statutes reflect the same congressional purpose -- to punish violent career offenders severely.  Though they used different operative terms, crime of violence and violent felony, in this context the two terms should have the same meaning, both as a matter of statutory construction and to avoid sentencing disparity.  See Sprouse, 394 F.3d at 580.

This historical review leads to an obvious question.  When the Sentencing Commission in a guideline and the Supreme Court in a subsequent case construe equivalent statutory terms differently, which construction is this court obligated to follow?  Dicta in United States v. Vincent, 167 F.3d 428, 431 (8th Cir. 1999), stated that "the Sentencing Commission's formulation of the Guidelines is not subject to judicial review unless the Commission oversteps constitutional bounds." But Vincent obviously overlooked the Supreme Court's earlier decision in United States v. LaBonte, 520 U.S. 751, 768 (1997), in which *every Justice* agreed that the case required the Court to decide, in the words of Justice Breyer's dissent, "whether the career offender statute permits the Commission to write this Career Offender Guideline."  A majority of the Court concluded that "the Commission's interpretation

-6-

is inconsistent with [28 U.S.C.] § 994(h)'s plain language" and invalidated Amendment 506 to the career offender guidelines.  520 U.S. at 753.

Based upon LaBonte, were it necessary to the decision in this case, we would invalidate the term "of a dwelling" in U.S.S.G. § 4B1.2(a)(2) as inconsistent with the Supreme Court's subsequent interpretation of the governing statute in Taylor.  But it is not necessary to do so because the "otherwise involves" provision in § 4B1.2(a)(2) as construed in Hascall and our subsequent cases produces the same result.  It is a correct result.  Given the Supreme Court's analysis of congressional intent and the Court's appraisal of the inherent risk of harm posed by burglary of any building, we are compelled to conclude that any generic burglary, as that term was defined in Taylor, is a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" within the meaning of § 4B1.2(a)(2).

In Missouri, a person commits second-degree burglary when he "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein."  Mo. Rev. Stat. § 569.170. The term "inhabitable structure" is not limited to buildings; it is broadly defined to include ships, airplanes, and vehicles.  See § 569.010(2); State v. Pulis, 822 S.W.2d 541, 543-45 (Mo. App. 1992).  Here, Bell's Presentence Investigation Report recited that he was convicted of second degree burglary for "enter[ing] a building at 2007 E. 19th Street, possessed by Western Engineering."  As Bell did not object to this fact recital, the district court correctly concluded that Bell's prior commercial burglary conviction was for entering a building, a generic burglary under Taylor and therefore a crime of violence within the meaning of § 2K2.1(a)(4)(A).  See McCall, 439 F.3d at 973-74.

## II.

Bell further argues that we should remand for resentencing under <u>Booker</u> because the district court is no longer obligated to consider a prior commercial burglary a crime of violence, and because the court violated Bell's Sixth Amendment rights under <u>Booker</u> by imposing a four-level enhancement for possessing the firearm in connection with a felony drug offense, <u>see</u> U.S.S.G. § 2K2.1(b)(5). Bell was sentenced after the decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), but before the decision in <u>Booker</u>. He did not raise these issues at sentencing and therefore our review is for plain error. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543 (8th Cir. 2005). As we have explained, the district court properly applied the now-advisory Guidelines in concluding that the prior commercial burglary conviction was a crime of violence. Bell does not argue that the court misapplied the Guidelines in imposing a four-level enhancement under § 2K2.1(b)(5). One hundred months was the bottom of Bell's applicable guidelines sentencing range. In imposing that sentence, the district court stated that it would have imposed the same sentence under an advisory guidelines regime. Thus, there was no plain error.

The judgment of the district court is affirmed. Appellant's motion to file a supplemental brief on appeal is granted.

_____