# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3292

_____

United States of America,             *
                                         *

        Appellee,          *   Appeal from the United States
                                         *   District Court for the Western
     v.                   *   District of Missouri.
                                         *

Carl O. Thornburgh,           *      [UNPUBLISHED]
                                         *

        Appellant.       *

_____

Submitted: June 16, 2006
Filed: June 16, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Carl O. Thornburgh pleaded guilty to being a felon in possession of a firearm and to possessing marijuana, the district court[*] concluded he was an armed career criminal under U.S.S.G. § 4B1.1 and 18 U.S.C. § 924(e), and imposed the statutory minimum sentence of 180 months in prison. Thornburgh appeals, and we affirm.

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Based on facts in the presentence report (PSR) to which Thornburgh did not object, the district court properly concluded all three of his second-degree burglary convictions in Missouri state court involved the unlawful entry into a building. See United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (Missouri statute defining second-degree burglary uses term "inhabitable structure" which is not limited to buildings, but district court correctly concluded defendant's earlier commercial burglary conviction was for entering building based on unobjected-to facts in PSR). Thornburgh argues the court committed error in classifying two of the convictions as violent felonies, because they were of commercial buildings and involved no actual or potential violence. This argument is foreclosed by our cases. See id.; United States v. Nolan, 397 F.3d 665, 666 (8th Cir.), cert. denied, 126 S. Ct. 195 (2005); United States v. Hascall, 76 F.3d 902, 904-06 (8th Cir.), cert. denied, 519 U.S. 948 (1996).

Pointing to the decisions of other circuits, Thornburgh urges us to revisit our decisions holding burglary of a commercial building is categorically a violent felony or crime of violence. In Bell, however, we reaffirmed our position in the face of inter-circuit conflict on the issue, see Bell, 445 F.3d at 1088; and further, as a panel we are not at liberty to revisit earlier panel decisions, see Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002).

Accordingly, we affirm the district court's decision.

_____