# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1749

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Tan Tran Minh Huynh, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  June 2, 2006
Filed:  July 27, 2006

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Tan Tran Minh Huynh was sentenced as a career offender by the district court[1] to 151 months in prison and 3 years of supervised release, after pleading guilty to a drug conspiracy charge. He appeals. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that the district court incorrectly assigned Huynh separate criminal history points for three Missouri burglary sentences that were "related": all three sentences were imposed on the same day and two of the burglaries were committed on the same day. See U.S.S.G. § 4A1.2(a)(2) (prior sentences

_____

[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

imposed in "related" cases are treated as one sentence for purposes of criminal history scoring under § 4A1.1). In a supplemental brief, Huynh argues he was improperly sentenced under the career offender Guideline because his burglary convictions were not crimes of violence. See U.S.S.G. § 4B1.1(a) (defendant is career offender if, inter alia, he has at least two prior convictions of either crime of violence or controlled substance offense). Specifically, he argues that the Missouri statute under which he was convicted covers the non-violent burglary of certain "inhabitable structures" (e.g., railroad cars, boats, planes, car, etc.), and the district court did not consider any charging documents to determine the nature of Huynh's burglaries.

Huynh's plea agreement contains a valid appeal waiver under which he waived his right to appeal all non-jurisdictional issues related to the plea and sentencing, except for sentencing departures that were not addressed by the plea agreement, and any ruling regarding the career-offender guideline. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir. 2003) (en banc). Therefore, we will consider only issues that fall within the exception to the appeal waiver.

The Anders brief arguably raises an issue concerning applicability of the career-offender guideline by suggesting that the three burglary sentences were related. See U.S.S.G. §§ 4B1.2(c) (for career-offender status, predicate felony convictions should count separately under § 4A1.1); 4A1.2(a)(2). According to the unobjected-to presentence report (PSR), however, one of the burglaries was committed on a different date and all three cases retained separate docket numbers in state court, and there is no indication in the record of a formal order of consolidation. Therefore, Huynh was properly classified as a career offender. See United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994) (holding, in context of burglaries committed on different dates, that two or more sentences imposed at same time are not related for purposes of § 4A1.2(a)(2) if cases proceeded to sentencing under separate docket numbers and there was no formal order of consolidation).

As for Huynh's pro se argument, the district court was entitled to rely on the PSR's recitation of facts underlying the three burglary convictions, because Huynh did not object to those facts and the PSR relied on acceptable sources. See United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006); United States v. McCall, 439 F.3d 967, 973-74 (8th Cir. 2006) (en banc). The PSR stated that according to "court documents," all three burglaries were of residences. And in the course of making an argument at sentencing about the relatedness of the burglaries, Huynh admitted that two of the burglaries were of "homes." We thus conclude that the burglaries were crimes of violence for purposes of determining career-offender status. See U.S.S.G. § 4B1.2 (a)(2) (burglary of dwelling is crime of violence).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and grant counsel's motion to withdraw. We deny Huynh's motion to relieve his counsel as moot.

_____