# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2648

———————

United States of America,

        Appellee,

    v.

Vincent Cordell Woodard,

        Appellant.

      *
      *
      *
      *   Appeal from the United States
      *   District Court for the Eastern
      *   District of Arkansas.
      *
      *        [UNPUBLISHED]
      *

———————

Submitted:  March 9, 2009
Filed:  March 30, 2009

———————

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

Vincent Woodard appeals from the sentence of fifteen years' imprisonment that the district court[1] imposed on him after he pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1).  Mr. Woodard objects to the district court's imposition of sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which provides for a mandatory minimum sentence of fifteen

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

years for persons who violate § 922(g) if they had previously been convicted of three violent felonies. Under § 924(e)(2)(B)(ii), as relevant here, a violent felony is defined as "any crime ... that ... is burglary."

Mr. Woodard admits that he had two previous convictions for residential burglary and three for commercial burglary, but he contends that he is not eligible for the mandatory minimum sentence because these convictions do not involve conduct "that presents a serious potential risk of injury to another." *See id.* But that portion of the statute is not relevant here: It is enough for the enhancement to apply if a defendant's previous convictions are for burglary. *See Taylor v. United States*, 495 U.S. 575, 596-97 (1990).

Mr. Woodard also argues that only the two residential burglaries qualify for the enhancement, citing U.S.S.G. § 4B1.1 and § 4B1.2, which, he asserts define a crime of violence to include residential burglary but not burglary of commercial establishments. Mr. Woodard's argument is beside the point, however, because the guidelines sections to which he points are out of the case. They deal with defendants who are "career offenders" under U.S.S.G. § 4B1.1, a category of defendants to which Mr. Woodard does not belong. We observe, moreover, that we have squarely held that burglary of a commercial building is a crime of violence for purposes of the career offender provision. *See United States v. Bell*, 445 F.3d 1086, 1087-91 (8th Cir. 2006).

It is noteworthy that Mr. Woodard does not maintain that the offenses of which he was convicted were not burglary within the meaning of § 924(e)(2)(B)(ii), that is, a crime that has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. In sum, Mr. Woodard is eligible for the mandatory minimum sentence because he committed three burglaries before violating 18 U.S.C. § 922(g).

Affirmed.

_____