# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2637

_____

United States of America,

        Appellee,

v.

Charles Wesley Williams,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: December 15, 2009
Filed: December 17, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Charles Wesley Williams (Williams) pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] imposed a sentence of 92 months in prison and 3 years of supervised release. On appeal, Williams's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the district court's determination that a previous burglary conviction should be considered a crime of violence under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(a)(2). Williams has filed a pro se supplemental brief in

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

which he argues the district court treated the Guidelines as mandatory, in violation of United States v. Booker, 543 U.S. 220 (2005).

We hold the district court properly determined Williams's Missouri conviction for second-degree burglary of an unoccupied commercial building was a "crime of violence" within the meaning of section 4B1.2(a)(2). See United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006). Further, the district court's explanation for denying Williams a variance below the Guidelines range shows the court correctly treated the Guidelines as advisory. See Booker, 543 U.S. at 245-46 (holding the Sixth Amendment problem resulting from the mandatory nature of the Guidelines is remedied by making the Guidelines advisory).

Finally, we find no abuse of discretion in the sentence, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (listing the factors that constitute an abuse of discretion), and no nonfrivolous issue for appeal, see Penson v. Ohio, 488 U.S. 75, 80 (1988). We grant counsel's motion to withdraw, and we affirm the judgment.

_____