# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3006

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| William Henry Hapgood, II, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 29, 2010
Filed:  May 3, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

William Hapgood pleaded guilty to manufacturing a substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and being a felon in possession of firearms in violation 18 U.S.C. § 922(g)(1).  The district court[1] concluded that he was an armed career criminal and sentenced him to 180 months in prison, the mandatory minimum.  See 18 U.S.C. § 924(e)(1) (§ 922(g)(1) offender shall receive minimum sentence of 15 years in prison if he has 3 prior convictions for violent felony or serious drug offense).  On appeal, Hapgood's counsel has filed a

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and has moved to withdraw. Hapgood has filed a pro se supplemental brief. Following careful review, we affirm.

In the <u>Anders</u> brief, counsel argues that Hapgood's Missouri convictions for second-degree burglary and residential burglary do not qualify as "violent felonies" for purposes of armed-career-criminal status. We hold that they do. <u>See</u> 18 U.S.C. § 924(e)(2)(B) (violent felony includes burglary); <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990) (person has been convicted of burglary for purposes of § 924(e) if he is convicted of any crime having basic elements of unlawful or unprivileged entry into, or remaining in, building or structure with intent to commit crime); <u>United States v. Bell</u>, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (Missouri second-degree burglary conviction was generic burglary and qualified as crime of violence). Counsel also argues the sentence is unreasonable, but <u>Booker v. United States</u>, 543 U.S. 220 (2005), does not apply to statutorily imposed sentences. <u>See</u> <u>United States v. Gregg</u>, 451 F.3d 930, 937 (8th Cir. 2006).

Turning to Hapgood's pro se arguments, we conclude that (1) he may not challenge the voluntariness of his guilty plea for the first time in this direct criminal appeal, <u>see</u> <u>United States v. Villareal-Amarillas</u>, 454 F.3d 925, 932 (8th Cir. 2006); (2) the district court was not required to consult the arrest records underlying the predicate violent felonies, <u>see</u> <u>United States v. Stymiest</u>, 581 F.3d 759, 768 (8th Cir. 2009); and (3) the ineffective-assistance claim is also not properly before us in this direct appeal, <u>see</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 827 (8th Cir. 2006). Finally, after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel leave to withdraw.

_____