# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1996

_____

United States of America

*Plaintiff - Appellee*

v.

Dempsey Word

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 12, 2012
Filed: November 26, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Dempsey Word appeals the district court's[1] determination that he is a career offender under United States Sentencing Guidelines (Guidelines) § 4B1.1. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

On January 19, 2012, Word pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The presentence report recommended that Word be sentenced as a career offender under Guidelines § 4B1.1 based on Word's prior convictions for burglary and possession of a controlled substance with intent to deliver. Word objected to this recommendation, arguing that his prior conviction for burglary should not be considered a "crime of violence" under § 4B1.1 because the burglary was of a commercial building. The district court overruled Word's objection, relying on our decision in United States v. Bell, 445 F.3d 1086 (8th Cir. 2006), determined that Word qualified as a career offender under § 4B1.1, and sentenced him to 200 months' imprisonment.

We review the district court's application of the Guidelines *de novo*. United States v. Woodard, 694 F.3d 950, 953 (8th Cir. 2012). Word acknowledges that under prevailing circuit precedent a burglary of any type qualifies as a "crime of violence" for purposes of § 4B1.1. See Bell, 445 F.3d at 1090. Nevertheless, he asks that Bell be reconsidered in light of the First Circuit's *en banc* decision in United States v. Giggey, 551 F.3d 27 (1st Cir. 2008) (holding that non-residential burglaries are not to be considered *per se* "crimes of violence") (abrogating United States v. Fiore, 983 F.2d 1 (1st Cir. 1992)). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002). Accordingly, we are bound by our court's ruling in Bell, and thus we hold that the district court did not err in concluding that Word's burglary conviction was a "crime of violence" for purposes of the career offender determination under § 4B1.1.

The sentence is affirmed.

_____