# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2618
_____

United States of America

*Appellee*

v.

Alfred J. Walker

*Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: January 14, 2013
Filed: January 29, 2013
[Unpublished]

_____

Before MURPHY, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Alfred Walker appeals from the sentence of 180 months' imprisonment that the district court[1] imposed on him after he pleaded guilty to being a felon in possession

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

of a firearm.  *See* 18 U.S.C. § 922(g)(1).  Mr. Walker maintains that the district court erred when it enhanced his sentence for being an armed career criminal under 18 U.S.C. § 924(e), which in relevant part provides for a sentence enhancement in his case if he had already been convicted of two offenses that are "burglary ... or [a crime that] otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.* at § 924(e)(2)(B)(ii).

Mr. Walker argues that the so-called "otherwise" or residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague, but the Supreme Court has already rejected this argument.  *See James v. United States*, 550 U.S. 192, 210 n.6 (2007); *see also United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005), *cert. denied*, 546 U.S. 954 (2005).  The residual clause is irrelevant to this case anyway, since Mr. Walker's enhancement was based on convictions for second-degree burglary under Mo. Rev. Stat. § 569.170, and we have held that the offense described in this statute is "burglary" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii), so long as the burglary is of a " '*building or structure.*' "  *See United States v. Bell*, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990) (emphasis added in *Bell*).  Mr. Walker has admitted that the burglaries for which he was convicted were of buildings, and the residual clause is therefore out of the case.

Affirmed.

_____