# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2376
_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Raymond Olsson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 11, 2013
Filed: February 12, 2014

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

This case is before us on remand from the Supreme Court of the United States. See Olsson v. United States, 134 S. Ct. 530 (2013). The Supreme Court granted certiorari, vacated this court's judgment in United States v. Olsson, 713 F.3d 441 (8th Cir. 2013), and remanded the case for further consideration in light of Descamps v. United States, 133 S. Ct 2276 (2013). Descamps held a sentencing court must apply the categorical approach to sentencing when the crime serving as the basis for an

enhancement has a single, indivisible set of elements.[1]  133 S. Ct at 2285.  The categorical approach "focus[es] on the elements, rather than the facts, of a crime," and it compares those elements with the elements of the generic offense.  Id.

Matthew Raymond Olsson was convicted under the Missouri second-degree burglary statute, which served as a basis for his sentencing enhancement:  "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein."  Mo. Rev. Stat. § 569.170.  The basic elements of the generic burglary offense are "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  Taylor v. United States, 495 U.S. 575, 599 (1990).  Because the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense, Olsson's prior conviction qualifies as a "crime of violence" under the categorical approach.  See Descamps, 133 S. Ct. at 2283.[2]

The Supreme Court's remand based on Descamps did not disturb the remaining portions of the panel opinion.  Therefore, we reinstate those portions of our vacated

---

[1]Descamps interpreted "violent felony" under the ACCA.  Descamps, 133 S. Ct. at 2282.  Olsson's sentencing enhancement was based on his conviction qualifying as a "crime of violence" under the Sentencing Guidelines.  We treat authority interpreting the term "violent felony" from the ACCA as applicable in interpreting the similarly defined term "crime of violence" from U.S.S.G. §4B1.2(a).  See United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011).

[2]Olsson conceded that he has a prior conviction for a controlled substance offense.  Thus, he has at least two prior convictions which qualify him for an enhancement.  See United States Sentencing Commission, Guidelines Manual, §4B1.1(a) (Nov. 2012).

opinion holding that the district court[3] did not abuse its discretion in limiting Olsson's ability to cross examine government witnesses. <u>Olsson</u>, 713 F.3d 441.

Accordingly, we again affirm Olsson's conviction and sentence and deny his motion for supplemental briefing.

———————————————————

_____

[3]The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri.