COLLOTON, Circuit Judge,
concurring.
I concur in the opinion of the court, but with reservations about the alternative holding in United States v. Stymiest, 581 F.3d 759, 769 (8th Cir.2009), and its application to the sentences imposed in this case. Stymiest, adopting dicta from United States v. Bell, 445 F.3d 1086, 1090 (8th Cir.2006), said that the Sentencing Commission’s decision to define “crime of violence” in the career offender guideline, USSG § 4B1.2(a)(2), to include “burglary of a dwelling” rather than “burglary” was “invalidated” by the Supreme Court’s decision in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143 (1990). Taylor held that “burglary” in the definition of “violent felony” in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), includes certain nonresidential burglaries. The alternative holding in Stymiest conflicts with an en banc decision of the First Circuit, which ruled that the Sentencing Commission permissibly declined to enumerate non-residential burglary as a “crime of violence” under § 4B1.2. United States v. Giggey, 551 F.3d 27, 33-37 (1st Cir.2008) (en banc). There is a substantial question whether Stymiest and Bell correctly reasoned that the Commission must give the undefined term “crime of violence” in 28 U.S.C. § 994(h) — which calls for the creation of a career offender guideline — the same meaning as the different term “violent felony” in 18 U.S.C. § 924(e)(2)(B)(ii). See Bell, 445 F.3d at 1090. The question takes on even greater significance in light of the Sentencing Commission’s pending proposal to amend the definition of “crime of violence” to eliminate “burglary” altogether. Sentencing Guidelines' for United States Courts, 81 Fed.Reg. 4741, 4744 (Jan. 27, 2016) (amending USSG §§ 4B1.1 and 4B1.2). The briefs filed in Bell and Sty-miest suggest that the court broached the validity of § 4B1.2(a)(2) without urging by the government or adversarial briefing on the question. See also Stymiest, 581 F.3d at 767 (noting that the government did not cite Bell). Given the conflict in the circuits and the significance of the issue, the sentencing portion of this appeal may warrant review by the court en banc.