Ronnie L. HARDMAN, Movant,

v.

UNITED STATES of America, Respondent.

No. 15-CV-798-W-DGK
Crim. No. 11-CR-53-W-DGK

United States District Court,
W.D. Missouri, Western Division.

Signed June 3, 2016

Anita L. Burns Federal Public Defender's Office, Kansas City, MO, for Petitioner.

Phillip Eugene Porter, U.S. Attorney's Office, Kansas City, MO, for Respondent.

## ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

The Court closed this case after granting 28 U.S.C. § 2255 relief to Movant Ronnie L. Hardman ("Hardman") and entering judgment in his favor. Now before the Court is a motion by Respondent ("the Government") to alter or amend the judgment (Doc. 12). As explained more fully below, the Court is unconvinced that it erred in granting relief to Hardman. The motion is therefore DENIED.

### Background

In his criminal case, Hardman pled guilty to one count of being a felon in possession of a firearm. At sentencing, the Court found that a higher mandatory-minimum applied under the Armed Career Criminal Act ("ACCA") because he had three predicate convictions for "violent felon[ies]." 18 U.S.C. § 924(e)(1). Among those three convictions was a 2008 felony conviction for Missouri second-degree burglary. Although the Court did not specify what type of "violent felony" applied, it was plausibly either "burglary" or a "residual clause" felony. *See id.* § 924(e)(2)(B)(ii).

Three and a half years later, Hardman opened this case by moving to vacate his sentence under 28 U.S.C. § 2255. He argued that in light of a recent Supreme Court case invalidating the residual clause, *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015), and because his burglary conviction

did not match the elements of ACCA "burglary," his burglary conviction could no longer enhance his sentence.

The Court applied ACCA case law, under which a "prior conviction qualifies as an ACCA predicate only if the [convicting] statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). While this initial inquiry is limited to comparing the offenses' elements, the court may consult a limited set of extrinsic documents if the convicting statute is textually "divisible," meaning it can be violated in alternative ways, one of which matches the generic offense. *Id.*

The Court found that Missouri's second-degree burglary statute was divisible, and so consulted certain records of Hardman's state-court conviction. The Court found that it was not more than likely true that Hardman's conviction was for ACCA burglary, also known as "generic burglary." Therefore, it agreed that the burglary conviction was not an ACCA predicate and granted Hardman's motion to vacate his sentence.

### Standard

■ Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment in order to correct its own mistakes. *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States,* 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted). They may not "be used to introduce new evidence, tender new legal theories, or

raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

### Discussion

The Government argues that the Court should alter its judgment granting § 2255 relief for two reasons. First, the Government argues that this should have been an open-and-shut case because second-degree burglary in Missouri *always* matches the ACCA's definition of burglary. Second, the Government contends the Court impermissibly shifted the burden of proof from Hardman to the Government. As explained below, the Government does not merit Rule 59(e) relief on either ground.

### I. Although Eighth Circuit case law is inconsistent, the Court must follow the earlier line of cases which holds that the Missouri second-degree burglary statute is divisible.

■ The Government first argues that the elements of Missouri second-degree burglary always match those of ACCA burglary, also known as "generic burglary." Its argument rests on *United States v. Olsson,* which suggests that the Court should not have found Missouri's second-degree burglary statute to be divisible: "[T]he basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense." 742 F.3d 855, 856 (8th Cir.2014).[1] The Government thus believes that the Court should have denied Hardman's motion at the outset, without relying on his state-court sentencing records to determine that his burglary conviction did not conclusively match generic burglary.

---

1. Puzzlingly, the Government pursued the opposite approach in its past briefing, noting that "not all state offenses labeled 'burglary' will qualify as an enumerated offense under [the ACCA]" and proceeding to examine the Missouri second-degree burglary statute under the modified categorical approach. Resp.'s Br. 8–10 & nn.5–6 (Doc. 5) (citing *United States v. Bell,* 445 F.3d 1086 (8th Cir. 2006)).

Olsson is not binding authority on this Court because it contradicts an earlier line of Eighth Circuit authority exemplified by United States v. Bell, 445 F.3d 1086, 1090 (8th Cir.2006). Bell—which was not cited by Olsson—also considered a past conviction for Missouri second-degree burglary. Id. at 1087. The Court of Appeals noted that the second-degree burglary statute applied not just to buildings but also to vehicles, which made it broader than generic burglary. Id. at 1090 (citing Mo. Rev. Stat. § 569.010(2)); cf. Olsson, 742 F.3d at 855–86 (not discussing the inhabitable vehicle portion of the Missouri burglary statute). As is required when part of the statute of conviction is broader than the ACCA crime, the Bell Court modified the categorical approach and looked outside the defendant's statute of conviction. Bell, 445 F.3d at 1090–91. Only when doing so was the Court of Appeals able to conclude that the defendant was convicted of generic burglary. Id.

■ Assuming that Olsson stands for the proposition that Missouri second-degree burglary always matches generic burglary, that proposition conflicts with Bell's use of the modified categorical approach on the second-degree burglary statute. "[W]hen faced with conflicting panel opinions, the earliest opinion must be followed as it should have controlled the subsequent panels that created the conflict." Mader v. United States, 654 F.3d 794, 800 (8th Cir.2011) (en banc) (internal quotation marks omitted). Bell and Olsson are both panel opinions but Bell was released in 2006, eight years before Olsson. Therefore, the Court must follow Bell over Olsson and use the modified categorical approach to parse Hardman's prior burglary conviction. But see also United States v. Phillips, 817 F.3d 567, 569–70 (8th Cir. 2016) (following Olsson but making no mention of Bell); McConville v. United States, No. 15–CV–831–BP (Doc. 8) (W.D.Mo. Feb. 23, 2016) (same).

As the Court correctly chose to follow Bell in its § 2255 order, it did not commit any error of law, much less a "manifest" one. Holder, 721 F.3d at 986. The Court denies Rule 59(e) relief on this ground. See id.

## II. The Court held Hardman to the proper burden of proof.

Second, the Government argues that the Court improperly gave the burden of proof on Hardman's motion to the Government instead of to him.

■ In a criminal sentencing hearing, the Government must prove by a preponderance of the evidence that the defendant pled guilty to a qualifying ACCA offense. United States v. Thornton, 766 F.3d 875, 878 (8th Cir.2014). This case, however, was brought under § 2255, on which the petitioner bears the burden on each ground. Day v. United States, 428 F.2d 1193, 1195 (8th Cir.1970). The Court read these burdens together to conclude, "In an ACCA case like this, the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, No. 15–CV–798–W–DGK (Doc. 10), 149 F.Supp.3d 1144, 2016 WL 878505, at *2 (W.D.Mo. Mar. 7, 2016).

The Government ties those burdens together differently. It believes that a sort of inverted burden applies: "The defendant has the burden of proving that he was convicted of non-generic burglary, i.e., that he was convicted of burglarizing something other than a dwelling or residence." Resp.'s Mot. 3 (Doc. 12); accord Resp.'s Br. 7 (Doc. 5) ("To succeed, he must prove that he was, in fact, convicted of burglarizing a ship, trailer, sleeping car, airplane, or other vehicle.").

The Eighth Circuit does not appear to have ever discussed § 2255 burdens except

generally to comment that they belong with the petitioner. *E.g. Day*, 428 F.2d at 1195. In particular, it has not apparently held that the burden simply shifts to the movant in a § 2255 proceeding. The Eighth Circuit's silence is unsurprising. Ordinarily, by the time these claims reach the post-conviction stage they will have already arisen once, so the § 2255 court can reject them for the same reasons it rejected them at sentencing. Only when the sentencing proceeding is reopened and new claims are put in play, as here, does any conflict arise between the petitioner's § 2255 burden and the Government's sentencing-stage burden.

■ Although there is no precedent directly on point, the Court finds the Government's position to be overbroad. Hardman bears the burden in this proceeding, true, but his burden is to prove his § 2255 claim: that his sentence is illegal because his burglary conviction could not have qualified as the necessary third ACCA conviction. *See id.* The only way the burglary conviction could have been properly qualified is if the Government had proved as much at sentencing, by a preponderance of the evidence. In other words, the § 2255 burden incorporates the underlying burdens attendant to the enhancement. Therefore, Hardman's burden is to show that the Government has not proved by a preponderance of the evidence that he had was found guilty of generic burglary.

■ This reasoning does not hinder the purpose of § 2255, which is to check the work of prejudgment proceedings, not to decide new arguments for the first time. *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir.1994) ("A motion under § 2255 is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." (internal citation omitted)). This is why § 2255 erects a tall procedural default barrier against claims that were not raised on direct appeal. *See, e.g., Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51, 126 S.Ct. 2669, 165 L.Ed.2d 557 (2006).

But Hardman's claim did not fairly arise *until* the post-conviction stage, because at sentencing and through direct review, his burglary conviction undisputedly qualified under the ACCA's residual clause. *See United States v. Cantrell*, 530 F.3d 684, 695–96 (8th Cir.2008). It was not until after the time for direct review that the Supreme Court invalidated the residual clause, thus forcing the parties to litigate the more tenuous question of whether the "burglary" provision applied. *See Johnson*, 135 S.Ct. at 2563. Therefore, any concerns about the need for strict § 2255 burdens do not apply here.

Further, the Court is convinced that its reading of the § 2255 burden of proof is correct in light of fairness to defendants in Hardman's position. If Hardman's criminal case was first filed today, he would have a chance to put the Government to its sentencing-stage burden of proof. Since *Johnson*'s retroactivity benefits Hardman in this proceeding, he should be placed on the same footing as the hypothetical filed-to-day defendant.

Because the Court gave Hardman the proper burden of proof, it made no error significant enough to warrant amending the judgment. Therefore, the Court denies Rule 59(e) relief on this ground. *See Holder*, 721 F.3d at 986.

### Conclusion

In view of the foregoing, the Government's "Motion under Rule 59(e) Regarding the March 7, 2016, Court Order" (Doc. 12) is DENIED.

**IT IS SO ORDERED.**