THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM H. DENTON, Defendant-Appellant.

Second District   No. 2—98—1577

Opinion filed April 25, 2000.

G. Joseph Weller and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

After a bench trial, defendant, William H. Denton, was convicted of burglary (720 ILCS 5/19—1(a) West 1996)), acquitted of possession of burglary tools (720 ILCS 5/19—2(a) (West 1996)), and sentenced to five years' imprisonment. On appeal, defendant argues that he was not proved guilty beyond a reasonable doubt of burglary because the commercial trailers he entered were not buildings or other structures to which the burglary statute applies. We affirm.

We shall reverse a criminal conviction for insufficient evidence

only if the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of the defendant's guilt. *People v. Stanciel*, 153 Ill. 2d 218, 235 (1992). Here, we conclude that there was satisfactory evidence that the trailers defendant entered were "buildings" per the burglary statute.

The evidence shows that, early in the morning of Sunday, October 19, 1997, defendant entered a fenced-in yard belonging to Monroe Cartage, which is engaged in the commercial delivery of goods. The yard was adjacent to Monroe Cartage's terminal, which has doors in the rear to which trucks can back up to load or unload freight. When defendant entered the yard, trailers were lined up along the north, west, and south sides of the yard near the fence.

Once on the property, defendant proceeded to a line of nine trailers that were parked with their doors facing east toward the fence. Defendant entered three of the trailers and looked into most of the others. He proceeded to another line of trailers whose doors were facing south toward the fence and opened several doors. Defendant did not take anything but later admitted he was there illegally looking for things to steal.

All the trailers defendant entered contained goods that Monroe Cartage planned to ship out in the normal course of business, when the drivers would enter the yard, hook their tractors to the trailers, and drive off. The trailers were not there for long-term storage. As Monroe Cartage normally did no business on Sunday, the trailers had been sitting in the yard since Saturday afternoon or earlier. While the trailers sat there, their doors would be closed and some trailers would be locked. Monroe Cartage's safety director testified that the trailers that were there when defendant entered the yard would probably have been hauled away early Monday morning.

Monroe Cartage's safety director testified that the goods inside the trailers were "pre-staged" for transit. The purpose of prestaging was to keep the goods secure inside the trailers rather than uncovered in the yard, where there would be the danger of damage from weather, forklifts, or collisions with trucks. When defendant broke in, none of the trailers were attached to tractors.

■ Defendant asserts that, although the evidence proved that he committed an offense of some sort, it did not prove that he committed burglary. The pertinent statute, section 19—1(a) of the Criminal Code of 1961, reads:

> "(a) A person commits burglary when without authority he knowingly enters or without authority remains within a *building*, housetrailer, watercraft, aircraft, *motor vehicle* as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to com-

mit therein a felony or theft. This offense shall not include the offenses set out in Section 4—102 of The Illinois Vehicle Code, nor the offense of residential burglary as defined in Section 19—3 hereof." (Emphasis added.) 720 ILCS 5/19—1(a) (West 1996).

Defendant admits that, without authority, he knowingly entered three trailers that were parked in Monroe Cartage's yard. However, he maintains that the trailers were not any of the types of structures specified in section 19—1(a). Thus, defendant reasons, whatever crime he may have committed, he did not commit burglary. The State responds that the detached and stationary trailers were both "buildings" and "motor vehicles" under section 19—1(a). We agree with the State that, under the facts here, the parked trailers, which were detached from trucks or tractors and were used to store and shelter property, were "buildings" as section 19—1(a) uses that term.

■ Section 19—1(a) does not define "building." However, in *People v. Ruiz*, 133 Ill. App. 3d 1065 (1985), we held that the term is broad enough to include a commercial semitrailer that is used for the storage of goods that would later be delivered to a buyer. In *Ruiz*, the defendant entered a trailer that was parked against the loading dock of a factory. The trailer was not attached to a truck when the defendant entered it, although it sat on eight rear wheels and could be mobilized by connecting a truck to it. A salvage company owned the trailer and hauled it away when the trailer became filled, which happened roughly every three months.

This court held that, under section 19—1(a), the trailer was a "building" that could be the object of a burglary. We emphasized that our courts had construed the term to include a considerable variety of structures, the key being that all these structures served to shelter people or property. We concluded that the trailer was therefore a building, as it served to store and shelter the scrap metal that the factory sold the salvage company. The mere fact that the use of the trailer for this purpose was temporary did not detract from the essential character of the use. *Ruiz*, 133 Ill. App. 3d at 1068-69.

We believe *Ruiz* applies here, as the facts are essentially indistinguishable. The trailers were used to store and shelter goods. These goods would later be hauled away in the course of business. However, at the time defendant entered the trailers, the trailers were immobile, as they were not attached to any vehicle. Monroe Cartage's safety director explained that the purpose of placing the goods into the closed trailers was to protect them from damage, *i.e.*, to shelter the property. We think the State established that, at the time defendant entered the trailers, they were "buildings" within the burglary statute and that defendant was therefore proved guilty of burglary. Thus, we need not

address whether the trailers were also "housetrailers" or "motor vehicles" per the burglary statute.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.