# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1712
_____

United States of America

*Plaintiff - Appellee*

v.

Preston C. Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 8, 2016
Filed: March 8, 2016

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Preston Charles Phillips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). He appeals, arguing (1) his civil right to possess a firearm was restored by an amendment to the Missouri Constitution, and (2) he was not an armed career criminal under *Johnson v. United States*, 135 S.Ct. 2551 (2015). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In March 2013, a bystander told officers that an armed person was waiting at a Kansas City bus stop. Approaching Phillips at the bus-stop bench, officers saw a shotgun on the ground beneath him. Phillips, having ten prior felony convictions, was charged in federal court with being an armed career criminal in possession of a firearm.

Phillips argues that his civil right to bear arms was restored by a 2014 amendment to the Missouri Constitution. *See* **Mo. Const. art. I, § 23** (effective September 4, 2014, by *Mo. Const. art. XII, §2(b)*). To the contrary, the Supreme Court of Missouri has held that his civil right to bear arms was not restored by the amendment. ***State v. Clay***, 2016 WL 503216, at *7 (Mo. banc Feb. 9, 2016) (after the 2014 amendment, nonviolent felons continue to be restricted from possessing firearms).

Phillips asserts that he was incorrectly classified as an armed career criminal. A felon in possession with at least three prior felony convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another" faces a mandatory minimum fifteen-year sentence. **18 U.S.C. § 924(e)(1)**. Phillips claims his convictions for second-degree domestic assault and second-degree burglary are not violent felonies. A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." **§ 924(e)(2)(B)**. The Supreme Court has held that the ending "otherwise" clause is unconstitutionally vague. ***Johnson***, 135 S.Ct. at 2563.

This court reviews de novo whether a prior conviction is a violent felony under § 924(e). ***United States v. Soileau***, 686 F.3d 861, 864 (8th Cir. 2012). This court considers "how the law defines the offense and not in terms of how an individual

offender might have committed it on a particular occasion." ***United States v. Vincent***, 575 F.3d 820, 824 (8th Cir. 2009). "When the law defines an offense by proscribing several discrete, alternative sets of elements that might be shown as different manners of committing the offense, we employ the modified categorical approach that permits examination of a limited class of materials to determine which set of elements the defendant was found to have violated." ***Id.***

Under Missouri law, a person commits the crime of second-degree domestic assault if the crime involves a family or household member, and he or she:

> (1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation; or
> (2) Recklessly causes serious physical injury to such family or household member; or
> (3) Recklessly causes physical injury to such family or household member by means of any deadly weapon.

**§ 565.073 RSMo**. Since this section is divisible, this court uses the modified categorical approach to determine whether the offense is a violent felony.

Phillips agrees that, for at least one second-degree domestic assault (case number 1016-CR00303-01), he was convicted under subsection (1) of 565.073 RSMo. A conviction under this subsection is a violent felony because it "has as an element the use, attempted use, or threatened use of physical force" ***Griffin v. United States***, 617 Fed. Appx. 618, 624 (8th Cir. 2015).

The government's sentencing exhibit shows that Phillips was convicted of another second-degree domestic assault (case number 0716-CR05605-01). Although the exhibit includes the judgment of conviction, it does not indicate the subsection under which Phillips was convicted. Taking judicial notice of the indictment in case

number 0716-CR05605-01, Phillips pled guilty to "knowingly caus[ing] physical injury to [the victim] by striking the victim." *See United States v. Jones*, 574 F.3d 546, 551 n.3 (8th Cir. 2009) (court may take judicial notice of a document "not relied on in sentencing by the district court" and "not been made a part of the record on appeal" if "it would be pointless to remand the case simply to have the District Court take notice of that which we may notice ourselves" (citing *United States v. Remoi*, 404 F.3d 789, 793 n.1 (3d Cir. 2005))). Phillips has two convictions under subsection (1) of 565.073 RSMo, which are violent felonies. *See Griffin*, 617 Fed. Appx. at 624.

Phillips argues that his Missouri second-degree burglary conviction (case number 88-2768) is not a violent felony. A prior burglary conviction "qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). "[T]he basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense . . . under the categorical approach." *United States v. Olsson*, 742 F.3d 855, 856 (8th Cir. 2014). *See also United States v. Bearden*, 780 F.3d 887, 896 (8th Cir. 2015). The district court[1] properly included Phillips's second-degree burglary conviction as a predicate felony under § 924(e), and thus properly found him to be an armed career criminal.[2]

* * * * * * *

The judgment is affirmed.

_____

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Phillips has another Missouri second-degree burglary conviction from case number 0716-CR05605-01, which occurred on the same occasion as the second-degree domestic assault.