# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3806

_____

United States of America

*Plaintiff - Appellee*

v.

Tony Lee Bess

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 17, 2016
Filed: July 21, 2016
[Unpublished]

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tony Lee Bess pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Bess was an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to 180 months' imprisonment. On appeal, Bess challenges the district court's armed-career-criminal determination.

The Armed Career Criminal Act ("ACCA") provides for a minimum term of 15 years' imprisonment for a felon in possession of a firearm if the defendant has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). If Bess does not have three predicate felonies, the maximum punishment for his offense is 10 years' imprisonment. *Id.* § 924(a)(2).

Before committing the offense in this case, Bess had accumulated at least ten convictions for second-degree burglary in Missouri. Over Bess's objection, the district court concluded that Bess was an armed career criminal because of these convictions. The sole question on appeal is whether Bess's convictions for second-degree burglary in Missouri qualify as violent felonies under the ACCA.

The ACCA defines "violent felony" to include the crimes of burglary, arson, and extortion. *Id.* § 924(e)(2)(B)(ii). In listing the above crimes, the ACCA refers only to the "generic" versions of the offenses. *Taylor v. United States*, 495 U.S. 575, 598 (1990). The Supreme Court has held that a generic burglary offense consists of the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.*

Under Missouri law, "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170.1. Initially, this crime appears to fit within the elements of generic burglary. However, Missouri law defines "inhabitable structure" to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure." Mo. Rev. Stat. § 569.010(2). The statute thus covers a broader range of conduct than generic burglary and therefore does not qualify categorically as a violent felony.

Although Bess's burglary convictions are not violent felonies under the categorical approach, they may qualify as predicate offenses under the modified categorical approach. *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 2283-84 (2013). Before applying the modified categorical approach, a court first must find that the relevant statute is divisible; if a statute is not divisible, then a court cannot use the modified categorical approach to determine how the defendant committed the crime. *Id.* at 2281-82. Until recently, there was a split among the circuits in determining when a statute is divisible under the ACCA. Several circuits, including ours, concluded that a statute is divisible when it sets out alternative ways to commit the crime, regardless of "[w]hether [they] amount to alternative elements or merely alternative means to fulfilling an element." *United States v. Mathis*, 786 F.3d 1068, 1074 (8th Cir. 2015); *United States v. Trent*, 767 F.3d 1046, 1057 (10th Cir. 2014). Other circuits, in contrast, held that a statute is divisible only if the alternatives listed in the statute constitute elements, not means. *Rendon v. Holder*, 764 F.3d 1077, 1084-85 (9th Cir. 2014); *Omargharib v. Holder*, 775 F.3d 192, 198-99 (4th Cir. 2014). The Supreme Court took the latter view. In *Mathis v. United States*, the Court held that the modified categorical approach is available only when a statute lists alternative elements and thus defines multiple separate crimes. 579 U.S. ---, No. 15-6092, 2016 WL 3434400, at *12 (U.S. June 23, 2016).

The question, then, is whether the alternative phrases in Missouri's burglary statute—"building" and "inhabitable structure"—are elements or means. As explained above, if the alternatives constitute means of committing the crime, then the statute is not divisible, the modified categorical approach is not available, and none of Bess's ten convictions qualify as ACCA predicates.

In *Mathis*, the threshold inquiry of whether the statutory alternatives were means or elements was straightforward: the Iowa Supreme Court had determined that the relevant statute listed alternative means, not elements. *Id.* at *5 (citing *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981)). The *Mathis* Court provided other

methods for distinguishing means from elements. A statute on its face may indicate that the alternatives are elements if the law states that a specific statutory alternative must be charged or if the statutory alternatives carry different punishments. *Id.* at *10. And if the relevant statute does not provide a clear answer, courts can look at the record of a prior conviction itself to determine whether the listed alternatives are elements. *Id.* at *11. If the state statute and the record documents fail to provide a clear answer, then the court may not use the modified categorical approach. *Id.*

We vacate Bess's sentence and remand so that the district court can determine, in the first instance, whether Missouri's burglary statute lists alternative elements or alternative means. On appeal, neither party addressed whether the language of the statute indicates that the alternatives are elements or means. Moreover, the initial sentencing hearing occurred before the Supreme Court's decision in *Mathis*. This "may have impeded full development of the record" because the Government had no reason to submit documents from Bess's prior convictions that could have established whether the alternative phrases listed in the relevant statute are elements or means. *See United States v. Williams*, 627 F.3d 324, 329 (8th Cir. 2010). "We do not impose any limitations on the evidence that the district court may consider on remand, so the court can hear any relevant evidence . . . that it could have heard at the first hearing." *United States v. Shockley*, 816 F.3d 1058, 1064 (8th Cir. 2016) (quoting *United States v. King*, 598 F.3d 1043, 1050 (8th Cir. 2010) (alteration in original)).

_____