UNITED STATES of America, Appellee

v.

Trevon SYKES, Appellant

No: 14-3139

United States Court of Appeals, Eighth Circuit.

March 17, 2017

Allison Hart Behrens, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Missouri, Saint Louis, MO, Cristian Matthew Stevens, for Plaintiff–Appellee.

Levell D. Littleton, Saint Louis, MO, for Defendant–Appellant.

Trevon Sykes, Pro Se.

## ORDER

The petition for rehearing *en banc* is denied. The petition for rehearing by the panel is also denied. Judges Colloton, Gruender, Benton and Kelly would grant the petition for rehearing *en banc*.

COLLOTON, Circuit Judge, with whom GRUENDER, BENTON and KELLY, Circuit Judges, join, dissenting·from the denial of rehearing en banc.

The petition for rehearing ·in this case concerns whether Trevon Sykes's prior convictions for second-degree burglary in Missouri are "violent felonies" under the Armed Career ·Criminal Act, 18 U.S.C. § 924(e). "Burglary" is listed in § 924(e) as a "violent felony," but not every offense defined as "burglary" by a State meets the federal definition. A state burglary conviction qualifies as a ·violent felony under § 924(e) if the elements of the offense are no broader than "generic burglary" as defined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990): "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 598.

Under the Missouri statute in effect at the time of Sykes's offenses, a person commits second-degree burglary if "he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170 (2010). The term "inhabitable structure" encompasses a "ship, trailer, sleeping car, airplane, or other vehicle or structure," *id.* § 569.010(2) (2010), so a burglary committed by unlawfully entering an inhabitable structure is broader than generic burglary and does not qualify as a violent felony. *E.g.*, *United States v. Owens*, 596 F.3d 430, 431 n.2 (8th Cir. 2010).

As a panel of this court recently explained, "[t]he question, then, is whether the alternative phrases in Missouri's burglary statute—'building' and 'inhabitable structure'—are elements or means." *United States v. Bess*, 655 Fed.Appx. 518, 520 (8th Cir. 2016) (per curiam); *see Mathis v. United States*, —— U.S. ——, ·136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). If the alter-

natives are *elements*, then the court can apply the "modified categorical approach" and review pertinent judicial records in an effort to determine whether Sykes was convicted of burglary of a "building," which would qualify as a violent felony, or burglary of an "inhabitable structure," which would not. But if the alternatives constitute separate *means* of committing a single crime, then the court must consider whether the offense as a whole categorically ·qualifies as a violent felony. Because burglary of an "inhabitable structure" is broader than generic burglary, Sykes's burglary conviction would· not qualify as a violent felony if the Missouri statute defines a single offense. *See Bess*, 655 Fed. Appx. at 520.

The panel opinion decided this crucial means-versus-elements question in one sentence and a citation: "[T]he statute contains at least two alternative . elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated . in the text by the disjunctive 'or.' *See Mathis*, 136 S.Ct. at 2248 (" 'Elements' are the "constituent parts" of a crime's legal definition—the things the prosecution must prove to sustain a conviction.') (internal quotation marks omitted)." *United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016). With respect, this analysis is not sufficient. To observe that the statute is phrased in the disjunctive merely *raises* the question of means versus elements; it does not answer the question.

"The first task for a sentencing court faced with an alternatively phrased statute is ... to determine whether its listed items are elements or means." *Mathis*, 136 S. Ct. at 2256. That task cannot be completed simply by declaring that because the statute is phrased alternatively (*i.e.*, in the disjunctive),· the alternatives must ·be elements. The places listed in the Iowa burglary statute at issue in *Mathis*—"any

building, structure, [or] land, water, or air vehicle"—were separated in the text by the disjunctive "or." *See id.* at 2250 (quoting Iowa Code § 702.12 (2013)) (emphasis omitted). Yet a central point of the *Mathis* decision was that unlawful entries into each of those locations were separate means of committing a single crime, not alternative elements of separate crimes.

This case is on remand from the Supreme Court for further consideration in light of *Mathis, see Sykes v. United States,* — U.S. —, 137 S.Ct. 124, 196 L.Ed.2d 6 (2016), and *Mathis* tells us what to do. To decide whether the alternatives in the Missouri burglary statute are means or elements requires a review of Missouri state court decisions, the statute on its face, and the records of the prior convictions. *Mathis,* 136 S.Ct. at 2256–57; *see United States v. Lamb,* 847 F.3d 928, 932 (8th Cir. 2017). Most of the time, the Supreme Court predicted, state law or the record will resolve the issue. But if none of those sources answers the question, we are told, then the court "will not be able to satisfy '*Taylor*'s demand for certainty' when determining whether a defendant was convicted of a generic offense." *Mathis,* 136 S.Ct. at 2257. In other words, while "indeterminacy should prove more the exception than the rule," *id.,* an inconclusive inquiry means that the prior convictions do not qualify, and the sentencing enhancement does not apply.

The rehearing petition pretty well explained why the analysis of the panel opinion was deficient, but the panel adhered to its one-line decision on the issue, and the judges in regular active service—by a vote of five to four—declined to rehear the case en banc. Fortunately, other pending appeals give the court an opportunity to reconsider. In *United States v. Bess,* this court remanded a case so that the district court could determine, in the first instance, whether Missouri's burglary statute lists

alternative elements or alternative means. 655 Fed.Appx. at 520. The district court on remand analyzed Missouri state court decisions and the statute on its face before concluding that the statutory alternatives were means of committing a single burglary offense rather than elements of separate crimes. *United States v. Bess,* No. 4:15CR00021, 2016 WL 6476539 (E.D. Mo. Nov. 2, 2016). The government has appealed, so *Bess* presents an opportunity for the en banc court to undertake a proper analysis of the recurring and important question whether Missouri second-degree burglary is a violent felony. Another pending appeal, *United States v. Bell,* No. 16–2727, also raises the issue. In that case, the sentencing court counted second-degree burglary as a violent felony before *Mathis* was decided, and the defendant has appealed in light of *Mathis.*

Whatever the correct answer to whether Missouri second-degree burglary is a violent felony, merely observing that the statute is phrased in the disjunctive is not a sufficient explanation. Given the direction from the Supreme Court in *Mathis* and the significance of the issue to sentencing proceedings in this circuit, the matter deserves further attention.