# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1712
_____

United States of America

*Plaintiff - Appellee*

v.

Preston C. Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 17, 2017
Filed: April 4, 2017

_____

Before RILEY, Chief Judge,[1] LOKEN and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

This case is on remand from the Supreme Court of the United States. ***Phillips v. United States***, 137 S. Ct. 634 (2017). Preston Charles Phillips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e).

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

The district court sentenced him as an armed career criminal. He appealed, challenging, among other things, the ACCA designation. This court affirmed. *United States v. Phillips*, 817 F.3d 567 (8th Cir. 2016). The Supreme Court vacated the judgment and remanded for "further consideration in light of *Mathis v. United States*," 136 S. Ct. 2243 (2016). *Phillips*, 137 S. Ct. at 634. In light of *Mathis*, this court vacates the sentence and remands for resentencing.

Phillips objected to his classification as an armed career criminal, claiming his Missouri convictions for second-degree domestic assault and second-degree burglary were not violent felonies. Applying the "categorical approach," this court held that two second-degree domestic assault convictions were violent felonies under the ACCA's force clause, 924(e)(2)(B)(i), and one second-degree burglary conviction was an enumerated violent felony in 924(e)(2)(B)(ii).

On certiorari, the Supreme Court vacated and remanded for further consideration in light of *Mathis*. *Id.* This court vacated its March 8, 2016 opinion, recalled the mandate, and reopened the case.

"[T]he Supreme Court's decision in *Mathis*, which did not address the ACCA's force clause, does not alter [the] prior decision that [Phillips' convictions for second-degree domestic assault] were ACCA violent felonies." *United States v. Lamb*, 847 F.3d 928, 930 (8th Cir. 2017). "*Mathis* does require additional analysis" whether Phillips' second-degree burglary convictions were "enumerated ACCA violent felon[ies]." *Id.*

Determining whether a past conviction is a violent felony, this court applies the categorical approach, looking "'only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016), *quoting Taylor v. United States*, 495 U.S. 575, 602 (1990). "If the statute of

conviction lists elements in the alternative, the sentencing court may apply the 'modified categorical approach.'" *Id.*

In *United States v. Lamb*, this court explained how to apply the "modified categorical approach" to determine whether a burglary is a violent felony after *Mathis*:

> Many state burglary statutes are overinclusive, that is, they define burglary more broadly than generic burglary. For example, a statute may include unlawful entry into places other than buildings, such as automobiles and vending machines. If an overinclusive statute has a "divisible" structure—defining multiple crimes by listing one or more elements in the alternative—the Court applies a "modified categorical approach" that "permits [federal] sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281. However, if the statute is overinclusive and not divisible, as in *Descamps*, no prior conviction under that statute qualifies for the ACCA mandatory minimum sentence enhancement.

> In *Mathis*, the Court resolved a circuit conflict regarding the meaning of the term "divisible." Under *Mathis*, when "faced with an alternatively phrased statute [we must first] determine whether its listed items are elements or means." 136 S. Ct. at 2256. "Elements" are "the things the prosecution must prove to sustain a conviction." *Id.* at 2248 (quotation omitted). "Means" are "[h]ow a given defendant actually perpetrated the crime." *Id.* at 2251. To distinguish between elements and means, federal sentencing courts should look at "authoritative sources of state law" such as "a state court decision [that] definitively answers the question," or the statute's text. If necessary, the court may "peek" at the record of the prior conviction, but only to determine if the statutory alternatives are elements or means. *Id.* at 2256-57 (quotation omitted). If the statute lists alternative elements, it is divisible, and therefore the prior conviction is subject to modified categorical analysis. *Id.*

*Lamb*, 847 F.3d at 931.

"The basic elements of the generic burglary offense are 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" ***United States v. Olsson***, 742 F.3d 855, 856 (8th Cir. 2014), *quoting* ***Taylor***, 495 U.S. at 599. Phillips has two convictions for second-degree burglary under Missouri Revised Statute 569.170,[2] which provided at the time of his convictions:

> A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

"Inhabitable structure" was defined to include:

> (2) [A] ship, trailer, sleeping car, airplane, or other vehicle or structure:
>
> (a) Where any person lives or carries on business or other calling; or
>
> (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or
>
> (c) Which is used for overnight accommodation of persons. Any such vehicle or structure is "inhabitable" regardless of whether a person is actually present[.]

**RSMo § 569.010.**

---

[2]The presentence investigation report lists two second-degree burglary convictions, one in 1988 and one in 2007. For the 1988 conviction, the report lists a violation of RSMo § 569.170, Missouri's second-degree burglary statute. For the 2007 conviction, the report lists a violation of RSMo § 570.170, the Missouri bait advertising statute—obviously a typographical error.

Before *Mathis*, this court held that "the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense," and, therefore, a conviction under Missouri's second-degree burglary statute is a violent felony under the categorical approach. *Olsson*, 742 F.3d at 856. After *Mathis*, however, this court held:

> Under Missouri law, "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170.1. Initially, this crime appears to fit within the elements of generic burglary. However, Missouri law defines "inhabitable structure" to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure." Mo. Rev. Stat. § 569.010(2). The statute thus covers a broader range of conduct than generic burglary and therefore does not qualify categorically as a violent felony.

*United States v. Bess*, 655 Fed. Appx. 518, 519 (2016).

Although a Missouri second-degree burglary conviction is not a violent felony under the categorical approach, it "may qualify as [a] predicate offense[] under the modified categorical approach" if "the relevant statute is divisible," meaning the "statute lists alternative elements and thus defines multiple separate crimes." *Id.* at 519-20. In *Sykes*, this court held the Missouri second-degree burglary statute lists "two alternative elements," with burglary of "a building" describing "an element of second-degree burglary rather than a means." *Sykes*, 844 F.3d at 715 ("[T]he statute contains at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated in the text by the disjunctive 'or.'"), *citing Mathis*, 136 S. Ct. at 2248. Courts may, therefore, apply the modified categorical approach to determine whether a past conviction is a violent felony. *Id.* Applying this approach, *Sykes* held, "Second-degree burglary of a building conforms to the elements of a generic burglary promulgated in *Taylor*: (i) unlawful entry or remaining in (ii)

-5-

a building or structure (iii) with the intent to commit a crime." ***Id.***, *citing **Taylor***, 495 U.S. at 598.

In *Sykes*, it was undisputed the defendant burglarized "a building." Under the modified categorical approach then, the burglary was a violent felony. Here, the record is unclear. The presentence investigation report lists two second-degree burglary convictions. The 1988 conviction is described as burglary of a "residence." The 2007 conviction is described as burglary of "an inhabitable structure." Neither charging document is part of the record, and the government concedes neither "expressly states that Phillips unlawfully entered a 'building.'" Still, the government argues that "the reference to a physical street address, together with the description of it as inhabitable, clearly demonstrates, on the face of the charging document alone, that Phillips was charged with unlawfully entering into a building." The district court did not make a finding on this issue.

This court vacates the sentence and remands to the district court to determine whether Phillips' second-degree burglary convictions were "of a building," and thus violent felonies under the ACCA.

\* \* \* \* \* \* \*

The sentence is vacated, and the case remanded for resentencing.

_____