# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3616
_____

United States of America

*Plaintiff - Appellee*

v.

Eddie Jarell Byas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: September 18, 2017
Filed: September 28, 2017
[Published]
_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Eddie Byas challenges the district court's application of the Armed Career Criminal Act (ACCA) to him at sentencing. We vacate the district court's sentence and remand for resentencing.

Byas was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). At sentencing, the district court applied the ACCA's fifteen-year, mandatory minimum sentence on the basis of three prior convictions. 18 U.S.C. § 924(e). Byas challenges the use of one of these, a conviction for burglary in Illinois in 2005. Byas was charged with "residential burglary," and he pled guilty to the lesser included offense of, simply, "burglary." At the time of Byas's conviction, the Illinois burglary statute provided in relevant part: "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft." 720 Ill. Comp. Stat. 5/19-1(a) (footnote omitted).

The ACCA mandates a minimum sentence of fifteen years for violations of § 922(g) for individuals with three previous convictions for certain offenses, including "violent felonies" such as burglary. 18 U.S.C. § 924(e)(2)(B)(ii). A state conviction for burglary may only serve as an ACCA predicate offense if the scope of conduct it criminalizes is no broader than the generic definition of burglary set forth in Taylor v. United States, 495 U.S. 575 (1990): "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. The parties argue about whether the list of locations in which a burglary may occur under section 5/19-1(a)—which include locations that are not buildings or structures, such as vehicles—are elements, each a constituent part of a separate crime, or merely a list of means, various factual circumstances by which one can commit the single crime of burglary. See Mathis v. United States, 136 S. Ct. 2243, 2249 (2016).[1] If elements, we can delve into certain facts to decide which crime Byas was convicted of (i.e. the "modified categorical approach"). If means, the statute is categorically overbroad. Id.

---

[1]The Seventh Circuit, incidentally, has concluded they are means. United States v. Haney, 840 F.3d 472, 475 (7th Cir. 2016).

But this elements-or-means analysis is only necessary if, were we to determine the list sets forth elements, at least one of those elements falls within the definition of generic burglary. See United States v. Tucker, 740 F.3d 1177, 1179-80 (8th Cir. 2014) ("*If* one alternative in a divisible statute qualifies as a violent felony, but another does not, we apply the 'modified categorical approach' to determine under which portion of the statute the defendant was convicted." (emphasis added)). Under controlling Eighth Circuit authority, the only enumerated location that could meet that definition here is "building." See United States v. Sims, 854 F.3d 1037, 1039-40 (8th Cir. 2017) (noting vehicles, including a trailer home, do not fall within Taylor's generic definition of burglary). If none of the enumerated localities fall within the generic definition, or are further divisible, the statute is necessarily overbroad and a conviction under it may not serve as an ACCA predicate offense for burglary.

Although Taylor specifically mentions a building in its generic definition, we are bound by Illinois's interpretation of that term as it is used in an Illinois statute. Johnson v. Fankell, 520 U.S. 911, 916 (1997). The question, therefore, is whether Illinois's definition of a building is broader than Taylor's. We conclude that it is. At least two Illinois Court of Appeals decisions have applied section 5/19-1(a) to the "burglary" of a detached semitrailer, both expressly holding that this constituted the burglary of a building. See People v. Denton, 728 N.E.2d 848, 850 (Ill. App. Ct. 2000); People v. Ruiz, 479 N.E.2d 1195, 1197 (Ill. App. Ct. 1985). The semitrailer in both cases was used for temporary, short-term storage of goods until the arrival of a tractor truck, which would then haul the trailer away. (The Ruiz case specifies that the trailers were on wheels, but the Denton case does not.) Ruiz cites a number of Illinois cases identifying types of structures considered buildings for purposes of the offense of burglary, including a tent, a chicken house, and a telephone booth. See Ruiz, 479 N.E.2d at 1198 (citing cases).

We have observed with respect to a Missouri burglary statute:

> Initially, this crime appears to fit within the elements of generic burglary. However, Missouri law defines 'inhabitable structure' to include 'a ship, *trailer*, sleeping car, airplane, or other vehicle or structure.' Mo. Rev. Stat. § 569.010(2). The statute thus covers a broader range of conduct than generic burglary and therefore does not qualify categorically as a violent felony.

United States v. Phillips, 853 F.3d 432, 435 (8th Cir. 2017) (emphasis added) (quoting United States v. Bess, 655 Fed. App'x 518, 519 (8th Cir. 2016)); see also United States v. Eason, 643 F.3d 622, 624 n.3 (8th Cir. 2011) ("This Tennessee statute 'is potentially over-inclusive' because subpart (4) includes burglaries of automobiles, trucks, *trailers*, boats, and airplanes, which are not 'buildings.'" (emphasis added) (quoting United States v. Stymiest, 581 F.3d 759, 768 (8th Cir. 2009))); Stymiest, 581 F.3d at 768 ("The [third-degree burglary] statute is potentially over-inclusive because it defines 'structure' to include motor vehicles, watercraft, aircraft, railroad cars, *trailers*, and *tents*." (emphasis added)).

It seems to us that a detached semitrailer, temporarily storing goods and shortly destined to be transported as part of a tractor-trailer rig, is more akin to a stationary vehicle such as a railcar than a building or structure. (We will leave tents, chicken houses, and telephone booths aside for now.) Therefore, even if Illinois's burglary statute were divisible, its only enumerated location that could fit within generic burglary—a building—is defined to include a broader class of locations than contemplated by Taylor. "Building" is not itself divisible into separate crimes for entry into different types of buildings. Accordingly, a burglary conviction under section 5/19-1(a) may not operate as an ACCA predicate offense.[2]

---

[2]Our decision in United States v. Maxwell, 363 F.3d 815 (8th Cir. 2004), does not control the outcome here. That opinion did not address or consider the breadth

For the foregoing reasons, we vacate Byas's sentence and remand to the district court for resentencing consistent with this opinion.

_____

_____

of Illinois's definition of "building" for the offense of burglary, but rather assumed it to be coextensive with the use of that term in the generic definition. <u>Id.</u> at 821 ("Both Illinois statutes defining burglary include all the generic elements of burglary defined in <u>Taylor</u>."). The issue we decide today was not squarely addressed by <u>Maxwell</u>, and we are not bound by its assumption in that case. <u>United States v. Knowles</u>, 817 F.3d 1095, 1097 (8th Cir. 2016).