# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1320

_____

United States of America

*Plaintiff - Appellee*

v.

Keidell L. Doyal

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2018
Filed: July 5, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Keidell Doyal pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, based on Doyal's prior conviction for second degree domestic assault in violation of

Mo. Rev. Stat. § 565.073, the district court[1] increased Doyal's base offense level to level 20 because he "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). This resulted in an advisory guidelines range of 37 to 46 months imprisonment. Applying the sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Doyal to 40 months imprisonment. He appeals his sentence, arguing that a prior Missouri conviction for second degree domestic assault is not, categorically, a crime of violence under the Guidelines. Reviewing this issue *de novo*, we affirm. United States v. Harrison, 809 F.3d 420, 425 (8th Cir. 2015) (standard of review).

## I.

As relevant here, "crime of violence" is defined to include any offense punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §§ 2K2.1, comment. (n.1), 4B1.2(a)(1). In determining whether Doyal's conviction for Missouri second degree domestic assault is a crime of violence under this "force clause," we look, categorically, at the generic elements of the offense, not the facts of Doyal's conviction. United States v. McGee, 890 F.3d 730, 735 (8th Cir. 2018). If the statute contains alternative elements, it is divisible, and we use a modified categorical approach to determine which statutory element was the basis of the conviction by consulting a limited universe of trial records such as charging documents, plea agreements and verdict forms. Id. at 735-36. However, the modified categorical approach may not be used when a statute specifies various *means* of fulfilling the crime's elements. Mathis v. United States, 136 S. Ct. 2243, 2253 (2016). When a statute lists alternative means, one of which does not fall within the

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

force clause, a prior conviction for that offense is not a crime of violence for purposes of applying § 2K2.1(a)(4)(A) of the Guidelines. Id. at 2257.[2]

In 2004, Doyal was convicted of domestic assault in the second degree, a violation of Mo. Rev. Stat. § 565.073, which at that time provided:

> 1. A person commits the crime of domestic assault in the second degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor . . . and he or she:
>
> (1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation; or
>
> (2) Recklessly causes serious physical injury to such family or household member; or
>
> (3) Recklessly causes physical injury to such family or household member by means of any deadly weapon.
>
> 2. Domestic assault in the second degree is a class C felony.

In United States v. Phillips, 817 F.3d 567, 569 (8th Cir. 2016), we concluded that the three subsections of § 565.073.1 are divisible and, applying the modified categorical approach, that Phillips's two prior convictions under § 565.073.1(1) were violent felonies under the ACCA's force clause.

---

[2]Although Mathis interpreted the term "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), "given their nearly identical definitions, we construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses." United States v. Mata, 869 F.3d 640, 644 (8th Cir. 2017).

Prior to this appeal, the Supreme Court vacated our judgment in Phillips and remanded for further consideration in light of its decision in Mathis. Phillips v. United States, 137 S. Ct. 634 (2016). With the remand in Phillips pending, counsel for Doyal filed his brief in this case, arguing that our vacated opinion in Phillips was no longer binding authority and that the subsections of § 565.073.1 are "overbroad and indivisible."[3] One month later, our panel in Phillips issued its decision on remand, concluding that Mathis "does not alter the prior decision" that § 565.073 is a divisible statute and Phillips's convictions for violating § 565.073.1(1) were ACCA violent felonies. United States v. Phillips, 853 F.3d 432, 434 (8th Cir. 2017). Doyal's reply brief argues that Phillips on remand was wrongly decided, but our panel is bound by this controlling authority. Accordingly, we apply the modified categorical approach to determine whether Doyal's prior second degree domestic assault conviction qualifies as a crime of violence under the Guidelines.

Alternatively, Doyal argues that, even if § 565.073 divisible, § 565.073.1(1) is not a crime of violence under the force clause because it does not require the use of *violent* force as an element. This argument is contrary to controlling Eighth Circuit precedents. See, e.g., United States v. Haileselassie, 668 F.3d 1033, 1035 (8th Cir. 2012).

_____

[3]Doyal argues that § 565.073.1 is overbroad because subsections (2) and (3) criminalize reckless conduct, an issue we noted but did not decide in Griffin v. United States, 617 F. App'x 618, 624 (8th Cir. 2015). The government argues that § 565.073.1 is divisible but also argues, alternatively, that more recent cases establish that reckless conduct in this context can qualify as a crime of violence. See Voisine v. United States, 136 S. Ct. 2272, 2277 (2016), and United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016). We need not address this alternative argument.

-4-

**II.**

If § 565.073 is divisible, the modified categorical approach permits the district court to look at a limited class of documents, such as charging papers, jury instructions, and plea agreements and colloquy, to determine whether Doyal was convicted of committing a crime of violence. See Shepard v. United States, 544 U.S. 13, 26 (2005). We have repeatedly held that an attempt to cause or knowingly causing physical injury qualifies as a violent felony or crime of violence under the force clause. See United States v. Starks, 674 F. App'x 580, 582-83 (8th Cir. 2016), citing cases; United States v. Rice, 813 F.3d 704, 706 (8th Cir. 2016). Thus, a conviction under § 565.073.1(1) constitutes a crime of violence under the Guidelines. United States v. Scott, 818 F.3d 424, 435 (8th Cir. 2016). However, Doyal argues that the state court documents introduced by the government did not satisfy its burden to prove that he was convicted of violating § 565.073.1(1).

When the district court does not find what subpart of a divisible statute the defendant violated, as in this case, we need not remand if the record conclusively establishes the offense of conviction. See United States v. Vinton, 631 F.3d 476, 485 (8th Cir. 2011) (the charging document "precisely tracks the language of [Mo. Rev. Stat.] § 565.060.1(2)"); United States v. Jones, 574 F.3d 546, 551-52 (8th Cir. 2009) (indictment established that defendant violated § 565.073.1(1)); compare United States v. Fields, 832 F.3d 831, 836-37 (8th Cir. 2016) (remand required because modified categorical approach documents were not part of the record on appeal).

At sentencing, the government introduced the judgment and order evidencing Doyal's prior conviction for Missouri second degree domestic assault, and the First Amended Information referenced in the judgment and order. The First Amended Information charged that Doyal "committed the class C felony of Domestic Assault in the Second Degree" when he "attempted to cause serious physical injury to [the

victim] by striking her with an automobile and [the victim] . . . was the girl friend of the defendant."

Doyal argues the government's evidence was insufficient because the First Amended Information and the judgment did not identify which subsection he violated, and the First Amended Information incorporated language from two different subsections when it charged that Doyal "attempted to cause serious physical injury." We disagree. Only § 565.073.1(1) criminalizes attempts. As Doyal points out, subsection (1) proscribes attempts to cause "physical injury" to a domestic victim, whereas subsection (2) requires proof that defendant "[r]ecklessly causes *serious* physical injury." But except for adding the word "serious," which if anything alleged a *more* violent crime, the First Amended Information tracked the language of § 565.073.1(1), like the indictment in Jones, 574 F.3d at 552. Accordingly, we conclude that a state court document we may consider in applying the modified categorical approach conclusively establishes that Doyal was convicted of violating § 565.073.1(1), a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s force clause.

The judgment of the district court is affirmed.

_____