# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3816
_____

United States of America

*Plaintiff - Appellee*

v.

Preston C. Phillips

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 11, 2019
Filed: April 16, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

PER CURIAM.

Preston C. Phillips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court[1] sentenced him as

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

an armed career criminal to 200 months' imprisonment. Phillips appealed the ACCA designation. This court affirmed. *See United States v. Phillips*, 817 F.3d 567, 570 (8th Cir. 2016). The Supreme Court vacated the judgment and remanded "for further consideration in light of *Mathis v. United States*," 136 S. Ct. 2243 (2016). *See Phillips v. United States*, 137 S. Ct. 634, 634 (2017). This court vacated the sentence and remanded to the district court "to determine whether Phillips' second-degree burglary convictions" were violent felonies. *United States v. Phillips*, 853 F.3d 432, 436 (8th Cir. 2017).

On remand, the district court ruled the burglary convictions were not violent felonies. But the court still concluded Phillips had three or more violent felony convictions (Missouri second-degree domestic assault, Missouri second-degree assault, Missouri unlawful use of a weapon, and Minnesota second-degree assault). It again sentenced him to 200 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The Armed Career Criminal Act enhances sentences for defendants who possess firearms after three convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined, in part, as a crime "punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The district court ruled Phillips had at least three previous violent felonies. This court reviews that ruling de novo. *See United States v. Garcia-Longoria*, 819 F.3d 1063, 1065 (8th Cir. 2016).

Phillips pled guilty to Missouri second-degree assault by "attempt[ing] to cause physical injury to" the victim "by means of dangerous instrument." § 565.060.1(2) RSMo. Phillips concedes this court has held that a conviction under §565.060.1(2) is a violent felony. *See United States v. Alexander*, 809 F.3d 1029, 1032-1033 (8th Cir. 2016) ("[A]n attempted second-degree assault under Mo. Rev. Stat. §

-2-

565.060(1)(2) constitutes an attempted use . . . of physical force under § 924(e)(2)(B)(i)" (internal quotation marks omitted)). Despite Phillips' contention that *Alexander* was wrongly decided, this court is bound by it. *See United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

Phillips also has convictions for Missouri unlawful use of a weapon (Mo. Rev. Stat. § 571.030.1(4)) and Minnesota second-degree assault (Minn. Stat. Ann. § 609.222). As he concedes, this court has held that convictions under these statutes are violent felonies. *See United States v. Swopes*, 892 F.3d 961, 962 (8th Cir. 2018) (holding that the "conviction for unlawful use of a weapon in Missouri" under § 571.030.1(4) RSMo "was a conviction for a violent felony under § 924(e)"); *United States v. Hudson*, 851 F.3d 807, 810 (8th Cir. 2017) (same); *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016) ("[W]e hold that second-degree assault under Minn. Stat. § 609.222 requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for ACCA purposes."). Although he believes these cases also were wrongly decided, this court is bound by them. *See Eason*, 829 F.3d at 641.

The district court did not err in sentencing Phillips as an armed career criminal based on his convictions for Missouri second-degree assault, Missouri unlawful use of a weapon, and Minnesota second-degree assault.[2]

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

_____

[2]Phillips argues that his convictions for Missouri second-degree domestic assault are not violent felonies. *But see Phillips*, 853 F.3d at 434. Because Phillips has three convictions for crimes of violence without the domestic assault convictions, this court does not consider this argument.