# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2239
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Abascal

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 19, 2019
Filed: July 12, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, KELLY and KOBES, Circuit Judges.
_____

PER CURIAM.

In July 2017, Bryan Abascal pleaded guilty to being a felon in possession of a firearm. Abascal's presentence investigation report (PSR) described Missouri convictions for two counts of sale of a controlled substance and three counts of

second-degree domestic assault. At sentencing, the district court[1] determined that these prior convictions were violent felonies under the Armed Career Criminal Act (ACCA) and sentenced Abascal to the mandatory minimum 15-year sentence imposed by the ACCA on felons in possession of a firearm that have at least three prior violent felony convictions. The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Abascal claims he was incorrectly classified as an armed career criminal, arguing that Missouri second-degree domestic assault is not a violent felony because the statute encompasses force falling short of "violent force." *See Johnson v. United States*, 559 U.S. 133, 140 (2010) ("We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent force*—that is, force capable of causing physical pain or injury to another person."). We review de novo whether a conviction is a violent felony under the ACCA. *United States v. Soileau*, 686 F.3d 861, 864 (8th Cir. 2012).

Abascal acknowledges that "this Court has previously held that Missouri second-degree assault is a violent felony." Appellant Br. at 6 (citing *United States v. Doyal*, 894 F.3d 974 (8th Cir. 2018); *United States v. Scott*, 818 F.3d 424 (8th Cir. 2016); *United States v. Phillips*, 853 F.3d 432 (8th Cir. 2017)). However, he argues "those cases were wrongly decided." *Id.* Specifically, he argues that we have erroneously interpreted Supreme Court precedent—namely, *Johnson* and *United States v. Castleman*, 572 U.S. 157 (2014)—and that we have neglected to analyze Missouri precedent addressing the amount of force required to sustain a second-degree domestic assault conviction.

---

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

This panel is not at liberty to overrule prior panels. *See United States v. Riza*, 267 F.3d 757, 760 (8th Cir. 2001). Furthermore, having reviewed *Doyal*, *Scott*, *Phillips*, and the reasoning therein, we find our decisions consistent with Supreme Court precedent. *See Johnson*, 559 U.S. at 143 (suggesting that a "slap in the face" could constitute "violent force"); *Castleman*, 572 U.S. at 182 (Scalia, J., concurring) (describing *Johnson* as "identifying a slap in the face as conduct that might rise to the level of violent force" and suggesting that "[h]itting, slapping, shoving, grabbing, pinching, biting, [and] hair pulling" could constitute "violent force" (alterations in original) (internal quotations omitted)); *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019) (rejecting the contention "that *Castleman* held that minor uses of force do not constitute 'violent force'" and describing the view expressed in Justice Scalia's *Castleman* concurrence that "small" uses of force could nonetheless satisfy *Johnson*'s definition of "violent force" as consistent with prior holdings). We reaffirm their holdings.

We also find our decisions are consistent with Missouri case law. Missouri case law suggests a conviction for second-degree domestic assault would be unlikely absent the use of violent force. *Cf. State v. McGuire*, 924 S.W.2d 38, 40 (Mo. Ct. App. 1996) (reversing an assault conviction where defendant merely poked another man in the chest, as there was "no evidence of immediate physical injury from a poke").

We therefore hold that Abascal's second-degree domestic assault convictions qualify as violent felonies under the ACCA. The district court did not err in sentencing Abascal as an armed career criminal.

The judgment of the district court is affirmed.

_____