# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-1844

———————————————

United States of America

*Plaintiff - Appellee*

v.

Milton Napoleon Porter

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: May 7, 2025
Filed: July 10, 2025

——————————

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

Milton Porter pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Applying 18 U.S.C. § 924(e), the district court[1] sentenced him as an armed career criminal to a term of imprisonment of 200 months.

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

Milton appeals his sentence, asserting that he does not have the requisite three prior violent felony convictions to be an armed career criminal.  We affirm.

On August 1, 2023, a grand jury returned an indictment against Porter charging him with being a felon in possession of a firearm.  The indictment also charged Porter with having three or more prior violent felony convictions, including (1) a 2008 domestic assault in the second degree, (2) a 2018 domestic assault in the second degree, and (3) a 2018 domestic assault in the third degree.  The convictions were each under Missouri law.

Porter's 2008 conviction for domestic assault in the second degree was under a statute that stated:

> 1. A person commits the crime of domestic assault in the second degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and he or she:
>
> (1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation; or
>
> (2) Recklessly causes serious physical injury to such family or household member; or
>
> (3) Recklessly causes physical injury to such family or household member by means of any deadly weapon.

Mo. Rev. Stat. § 565.073 (2000).  His 2018 conviction for domestic assault in the second degree was brought under a revised version of § 565.073, but the statute retained the language for multiple alternative elements that is dispositive of Porter's arguments.  Compare Mo. Rev. Stat. § 565.073 (2017), with Mo. Rev. Stat. § 565.073 (2000).

Finally, his 2018 conviction for domestic assault in the third degree was under the following statute: "A person commits the offense of domestic assault in the third degree if he or she attempts to cause physical injury or knowingly causes physical pain or illness to a domestic victim, as the term 'domestic victim' is defined under section 565.002." Mo. Rev. Stat. § 565.074. Under the plain language of the statute, there are three alternative methods of committing the crime: (1) "attempts to cause physical injury," (2) "knowingly causes physical pain," or (3) knowingly causes illness.

The probation office's presentence investigation report recommended that each of the domestic assault convictions qualified as a violent felony under the Armed Career Criminal Act ("ACCA"). The government also asserted that Porter's 2018 Missouri conviction for burglary in the second degree qualified as a violent felony.

The district court determined that the domestic assault convictions qualified as violent felonies and declined to address the burglary conviction. This appeal followed.

We review *de novo* whether the district court properly determined a prior conviction was a violent felony under the ACCA. United States v. Bragg, 44 F.4th 1067, 1075 (8th Cir. 2022). A violent felony includes one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

To determine whether a prior conviction is a violent felony, courts generally apply the categorical approach, which focuses solely on the elements of the crime of conviction. Mathis v. United States, 579 U.S. 500, 504 (2016). If the criminal statute has multiple alternative elements, then courts apply the modified categorical approach, which permits review of a limited category of documents to determine the correct crime of conviction. Id. at 505-06.

-3-

We have previously held that the Missouri domestic assault in the second degree statute is divisible because it contains multiple alternative elements, which requires us to apply the modified categorical approach. United States v. Doyal, 894 F.3d 974, 976 (8th Cir. 2018);[2] United States v. Phillips, 817 F.3d 567, 569 (8th Cir. 2016), overruled on other grounds by Phillips v. United States, 580 U.S. 1042 (2017); see also United States v. Phillips, 853 F.3d 432, 434 (8th Cir. 2017) (stating that the Supreme Court did not overrule that part of the Eighth Circuit's decision regarding the domestic assault in the second degree convictions).

The modified categorical approach permits a court to review "charging documents, jury instructions, plea agreements, transcripts of plea colloquies, or some comparable judicial record" to determine which alternative applied to the conviction. Bragg, 44 F.4th at 1075 (quoting United States v. Clark, 1 F.4th 632, 634 (8th Cir. 2021)). The charging document states Porter "knowingly caused physical injury to [R.J.] by means of a dangerous instrument by punching her in her face with his fists, slamming her head into a wall and striking her on the arms and back with a broom . . . ." Porter's guilty plea states that he "knowingly caused physical injury to [R.J.] on or about February 15, 2008 by striking her."

The judicial record establishes that Porter's conviction was under subsection (1) of the statute. A conviction under § 565.073.1(1) is a violent felony under the ACCA. Phillips, 817 F.3d at 569.

Applying the modified categorial approach to Porter's 2018 domestic assault in the second degree conviction, the charging document states Porter "knowingly caused physical injury to [A.S.] by striking her multiple times in the area of her head

---

[2]In Doyal, we were determining whether a conviction under § 565.073 was a "crime of violence" under the Guidelines. 894 F.3d at 976. Because "crime of violence" under the Guidelines and "violent felony" under the ACCA are so similar, courts rely on cases interpreting either term interchangeably. Bragg, 44 F.4th at 1075 (quoting United States v. Martin, 15 F.4th 878, 883 (8th Cir. 2021)).

-4-

and face with his closed fist and foot . . . ." Porter's guilty plea states "domestic assault, second degree, by striking [A.S.], a household member, thereby causing physical injury." The judicial record establishes this conviction was also under subsection (1) of the statute, which is a violent felony under the ACCA. Phillips, 817 F.3d at 569.

When considering the relevant statute for the 2018 domestic assault in the third degree conviction, we must first determine whether the listed items are elements or means. Mathis, 579 U.S. at 517. Elements are the parts a jury must find beyond a reasonable doubt or what the defendant necessarily admits to at a plea hearing. Id. at 504. In contrast, means are not found by a jury or admitted to by the defendant because they are how the defendant commit the crime. Id. at 504, 509.

If the state court has ruled on whether the alternatives are elements or means, then a sentencing judge does not have to look to any other sources for an answer. Id. at 517-18. While a Missouri court has not explicitly held that the alternatives are elements, the way the courts have treated the alternatives indicates that they are elements. See, e.g., State v. Marks, 670 S.W.3d 135, 138 (Mo. Ct. App. 2023) (requiring the jury to find beyond a reasonable doubt only one of the alternatives: "knowingly caused physical pain"); State v. Soliben, 621 S.W.3d 585, 591 (Mo. Ct. App. 2021) (determining there was sufficient evidence to support the jury's verdict that the defendant "knowingly caused physical pain" with no reference to the other alternatives).

We may also rely on the state's jury instructions to determine whether the alternatives are elements or means. Mathis, 579 U.S. at 519. The Missouri Approved Jury Instruction for § 565.074 requires a jury to find beyond a reasonable doubt, as one of the elements, the following:

First, that (on) (on or about) [*date*], in the State of Missouri, the defendant [*Insert one of the following. Omit brackets and number.*]

-5-

[1] attempted to cause physical injury to [*Identify victim.*] by [*Describe means by which attempt was made such as "shooting," "stabbing," "choking," etc.*] [*Identify victim.*],

[2] knowingly caused physical pain to [*Identify victim.*] by [*Describe means by which physical pain was caused such as "shooting," "stabbing," etc.*] [*Identify victim.*]

[3] knowingly caused illness to [*Identify victim.*] by [*Describe means by which illness was caused.*][.]

Mo. Approved Instr. – Criminal 419.76. By making each of the alternatives a separate item and instructing practitioners and the court to choose only one of them to submit to the jury, the jury instructions provide that the alternatives are elements. Cf. Mathis, 579 U.S. at 519 (holding that the alternatives are means when the jury instructions list each of the alternatives for every trial regardless of which one applied to the specific incident).

Because § 565.074 provides alternative elements, we again refer to the judicial record to determine which alternative applies. The charging document states that Porter "attempted to cause physical injury to [C.D.] by striking her face with his hand . . . ." Porter's guilty plea states "domestic assault in the third degree for attempting to cause physical injury to [C.D.], a household member, by striking." An attempt to cause physical injury is a violent felony under the ACCA. Doyal, 894 F.3d at 977.

The three domestic assault convictions are violent felonies under the ACCA. The district court properly applied the enhancement in § 924(e) to Porter's sentence.

The judgment of the district court is affirmed.

_____